UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHORELINE DEVELOPMENT PARTNERS, LP, <br><br> Plaintiff, <br><br> v. <br><br> CIERRA BROOKS et al., <br><br> Defendants. | Case No. 2:22-cv-06345-SB-JEM <br><br> ORDER TO SHOW CAUSE RE: REMAND |

    Pro se Defendant Jeremy Sloan filed a notice of removal and an application to proceed in forma pauperis in this unlawful detainer action filed against him and Defendant Cierra Brooks in state court. Dkt. Nos. 1, 3. The notice of removal contains multiple defects. First, Sloan invokes diversity jurisdiction as the basis for removal,[1] but he does not identify the citizenship of any of the parties, contending only that Plaintiff Shoreline Development Partners, LP is a Delaware limited partnership not organized or licensed to do business in California. For purposes of diversity jurisdiction, a partnership is a citizen of each state or country of which any partner is a citizen. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1064 n.10 (9th Cir. 2019). Because Sloan does not identify Plaintiff's partners and their citizenship or Defendants' citizenship, he has not shown that diversity is complete, as is required for this Court to have jurisdiction under 28 U.S.C. § 1332. Moreover, if Sloan (or Brooks, if she has been served) is a citizen of California, which appears likely on this record, 28 U.S.C. § 1441(b)(2) prohibits removal.

---

[1] The notice of removal also mentions 28 U.S.C. § 1343, but the unlawful detainer action plainly does not allege a civil rights claim implicating that statute, and Sloan does not suggest otherwise or explain why § 1343 has any relevance.

1

      Sloan's removal is also procedurally flawed.  28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal within 30 days after being served with the complaint, and Sloan indicates in the notice of removal that he was served on or about May 11, 2022, nearly four months before he removed the action.  Dkt. No. 1 at 2.  The notice of remand also does not address whether Defendant Brooks has been served or consents to removal.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

      Accordingly, Defendant Brooks is ORDERED to show cause in writing no later than September 19, 2022 why this action should not be remanded.  Failure to file a timely response will result in remand for lack of subject-matter jurisdiction.  The Court defers ruling on Brooks's application to proceed in forma pauperis until after it determines whether this case is properly before it.

      If Plaintiff wishes to file a response to this order to show cause, it shall do so by September 19, 2022.

      IT IS SO ORDERED.

Date: September 8, 2022

                                                    Stanley Blumenfeld, Jr.
                                                    United States District Judge